UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RASHAWN MCGUIRE**                                                    **CIVIL ACTION**

**VERSUS**                                                                    **NO: 15-5658**

**FREEDOM WELL SERVICES, ET AL**                    **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendant Maxum Casualty Insurance Company's Motion to Vacate the Entry of Default Against Freedom Well Services L.L.C. (Doc. 36). For the following reasons, this Motion is **GRANTED**.

## BACKGROUND

This is a Title VII employment discrimination case. Plaintiff was employed by Defendant Freedom Well Services, LLC ("Freedom Well"). While working offshore on October 4, 2012, he recorded a conversation between his supervisor and another person wherein his supervisor made derogatory racial remarks about the Plaintiff. Plaintiff reported this incident to his supervisor. He was subsequently transferred to the on shore shop, at a decrease in pay. He was terminated on January 11, 2013. Freedom Well stated that the termination was by mutual agreement due to Plaintiff's incompatibility in the workplace. Plaintiff maintains that this is not true. He brings claims for discrimination, racial harassment, and retaliation. He avers that defendants Travelers Casualty and Surety Company of America and Maxum Casualty and

Insurance Company ("Maxum") issued insurance policies to Freedom Well covering this incident.

On May 18, 2016, the clerk entered default as to Defendant Freedom Well after it failed to appear. Defendant Maxum has filed the instant Motion asking the Court to vacate the default entered against Freedom Well. Plaintiff opposes this Motion

## LEGAL STANDARD

Rule 55(c) permits the trial court to set aside an entry of default for "good cause."[1] To determine whether "good cause" has been shown, a district court should consider (1) whether the default was willful; (2) whether granting the motion would prejudice the non-moving party; and (3) whether a meritorious defense is presented.[2] These factors, however, are not "talismanic" and the Court may consider others such as whether the public interest was implicated, whether there was significant financial loss to the defendant, and whether the defendant acted expeditiously to correct the default.[3] In deciding a Rule 55(c) motion, the Court is mindful that default judgments are generally disfavored by the law and that any doubt should be resolved in favor of the movant.[4]

## LAW AND ANALYSIS

Defendant Maxum moves to vacate the default entered against its insured, Defendant Freedom Well, on the grounds that Freedom Well was

---

[1] Fed. R. Civ. P. 55(c).
[2] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[3] *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992).
[4] *See Lacy*, 227 F.3d at 292.

2

never properly served. Service on corporate entities is governed by Federal Rule of Civil Procedure 4(h), which provides, in pertinent part, as follows:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
> (1) in a judicial district of the United States:
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant;

Federal Rule of Civil Procedure 4(e)(1), which governs service on individuals, provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff claims to have affected service pursuant to Federal Rule of Civil Procedure 4(e)(2), which permits service to be made on an agent authorized by

appointment to receive service of process. In support of this contention, he points to his service return, wherein a process server indicated that a copy of the summons was personally delivered to "Tamecca Thompson, Authorized To Accept."[5] "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'"[6] Defendant Maxum has presented evidence indicating that Freedom Well has been involuntarily terminated as an entity. Its last agent for service of process, Mr. John Hoffman, resigned from his position and no new agent was appointed in his stead. No record evidence indicates that Tamecca Thompson holds or held any position relative to Freedom Wells. Accordingly, the Court finds that Defendant has rebutted the presumption of valid service and that the previously entered default should be vacated.

## CONCLUSION

For the forgoing reasons, the Motion to Vacate Default is **GRANTED**. The default previously entered against Defendant Freedom Wells (Doc. 8) is **VACATED**.

New Orleans, Louisiana this 20th day of July, 2017.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[5] Doc. 6.
[6] *People's United Equip. Fin. Corp. v. Hartmann*, 447 Fed. Appx. 522, 524 (5th Cir.2011) (citations omitted).